OSMER *v.* J. B. SICKLES SADDLERY Co.[1]

*(Circuit Court, E. D. Missouri.   May 18, 1885.)*

PATENTS—HORSE-COLLARS.
    Letters patent No. 157,367, issued to John M. Bright, for an "improvement in horse-collars," *held* not infringed by a sweat-cloth, composed of a series of detachable sections.

In Equity.
*Paul Bakewell,* for complainant.
*W. B. Homer,* for respondent.

TREAT, J.   The Bright patent, No. 157,367, December 1, 1874, is for "a horse-collar consisting of a frame, combined with a number of detachable pads," as described therein. Defendant alleges that the same was anticipated by the Meyer patent, No. 61,016, January 8, 1867, and the Lovett & Lefevre patent, No. 133,786, December 10, 1872. In the light of the said anticipatory patents, it is more than doubtful whether the Bright patent contained any novelty of invention patentable under the law, unless rigidity of frame and consequent absence of hames, were essential. However that may be, it is apparent from whatever construction may be put on the Bright patent that the defendant does not infringe the same, as the Bright patent is for a "horse-collar with detachable pads" arranged as in his patent described. It would seem that his patent was for a collar adjusted, as by him specified, without reference to hames. Separable pads were provided for by the Meyer and Lovette patents, and consequently in the state of the art there was no room open for invention unless the Bright patent was designed for a collar to which, in the absence of hames, separable pads might be attached by buckles and straps, thereby obviating the use of hames, and producing a new

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

collar with pads. This proposition is not urged, because the defendant uses no such collar.

The contention on the part of the plaintiff, in order to succeed, must cover all use of detachable pads, or sweat-cloths with detachable pads, made so as to relieve sore or gall spots on the neck. Such was not the scope of the Bright patent, or if it had been, could he, within the rules of the patent law, have blocked the pathway for all contrivances, whereby such beneficial results could be effected? He must be held to his special device in connection with a horse-collar, as by him stated. The defendant does not sell any such horse-collar, but only sweat-cloths independent of the collar, more like the Meyer and Lovett patents, though not exactly the same as either. Hence, without formally deciding that the Bright patent is void for want of novelty and patentability, it must suffice that under no construction of the Bright patent can the defendant be held to have infringed the same.

Bill dismissed with costs.